IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01319-WDM-MJW

SANDRA MOSHER,

   Plaintiff,

v.

HOME DEPOT USA, INC., a Delaware corporation,

   Defendant.

ORDER and
PROTECTIVE ORDER

   IT IS HEREBY ORDERED that the Defendant's Motion for Entry of Protective Order, filed with the Court on April 24, 2006, (DN 19), is GRANTED. The Protective Order is approved and made an order of the court.

   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS FURTHER ORDERED THAT:

   A.   Definition of Confidential - Material Covered

   The Definition of "Confidential" as used herein means information that is legitimately "confidential" as supported by common law or statutory law, and shall include confidential personnel information, confidential notes, confidential financial and business information, and other information which Defendant's counsel shall clearly mark or designate as "Confidential." Information designated "Confidential" shall also apply to the privacy interests of Plaintiff and/or current or former employees of Defendant as well as financial and proprietary business

information of Defendant. In addition, confidential information shall include live, recorded and/or transcribed deposition testimony of any witness that refers to any of the information designated "Confidential." This Protective Order shall apply to documents, materials, and information produced in response to Rule 26(a)(1) disclosures or requests for production of documents (including any medical records), answers to interrogatories, responses to requests for admission, responses to third-party subpoenas, deposition testimony, and other information disclosed pursuant to the Federal Rules of Civil Procedure. Documents subject to this Protective Order shall be protected regardless of whether they are utilized in a deposition. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). This Protective Order extends only to the limited information or items that are designated as "confidential," as defined herein.

B. <u>Persons to Whom Confidential Documents May Be Disclosed</u>

1. During the course of litigation, either party may seek to have discovery materials classified as "Confidential." Any party may designate as "Confidential" any discovery materials produced if it/he/she in good faith believes that the discovery material contains confidential proprietary information, trade secrets relating to its business, and/or personal private information. Each page of any document designated "Confidential" will be stamped as such by the producing party. Testimony generated from information designated as "Confidential" will be treated as confidential and subject to the terms of this Protective Order and shall be identified and marked as Confidential pursuant to the procedures set forth herein. If either party, solely through inadvertence, does not designate certain discovery material as "Confidential," but thereafter determines that such discovery material should have been so designated, it shall provide written

2

notice of the designation thereof as "Confidential" and to the extent practicable the discovery material will be treated as Confidential from the date of receipt of such notice. Likewise, if a party designates certain discovery material as "Confidential" and later determines that such discovery material should not have been so designated, it shall provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the "Confidential" marking.

2. All Confidential material and any portion thereof, including copies thereof, information contained therein and any abstracts, extracts, indices, summaries, charts, notes or other information derived therefrom, shall be deemed confidential, shall be used solely for the purposes of preparation, trial, appeals or settlement of this Action, and shall not be disclosed, given, shown, made available, discussed or otherwise communicated in any way to anyone other than: (a) the Court and Court personnel, (b) the parties' counsel in this Action and their agents and employees, (c) stenographic reporters, (d) the named parties to this lawsuit, (e) any of the current or former officers, directors or employees of the parties who are needed to assist their counsel in this Action, (f) any expert or consultant retained by the parties' counsel in connection with this Action, (g) witnesses at, and in preparation for, deposition, trial or hearing herein, and (h) outside vendors who perform microfiching, photocopying or similar clerical functions ("Outside Vendors"). Confidential Material may not be disclosed to any other person or entity without the prior written consent of the designating party or further order of the Court. Any disclosure should be only to the extent reasonably necessary to effective prosecution and defense of the parties' claims in this Action, and for no other purpose.

C. <u>Conditions of Disclosure</u>

3

1. Prior to disclosing any Confidential material to any person listed above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

2. No person receiving any of the documents, information, or deposition testimony to which this Protective Order applies shall disclose any such documents, information, or deposition testimony to any person other than those identified in Paragraph B.2, herein, and then only in accordance with the terms of this paragraph.

D. Protecting Confidential Information at Depositions

1. If any Confidential Material is marked as an exhibit in a deposition, or during a hearing herein, and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition or hearing, counsel for the parties shall advise the reporter taking and transcribing the testimony either at the beginning or at the conclusion of such deposition or hearing of the portions of such testimony that refer to Confidential material, and the exhibit itself, as well as the portions of the transcript containing such disclosure, shall be marked "Confidential" and shall be deemed Confidential material. To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record for the parties herein, and, if so requested by such counsel, the witness and/or the witness' counsel.

E. Challenging a Confidential Designation

A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot in good faith resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

F. <u>Non-Party Subpoenas</u>

If any party receives a request or subpoena from any non-party to this Protective Order seeking production or disclosure of Confidential material, that party (the "Subpoenaed Party") shall give reasonable notice sufficient to permit the other party to challenge the subpoena. Such notice shall identify the documents or information sought and enclose a copy of the request or subpoena. The Subpoenaed Party shall not produce or disclose any of the designated documents or information for a period of five business days, if possible without violating the subpoena, after providing such notice to other party, and in no event shall such production or disclosure be made before such notice is given. If, within five business days of receiving such notice, the party

5

objects to such production or disclosure, the Subpoenaed Party shall not make such production or disclosure except pursuant to a Court order requiring compliance.

G. No Restrictions

Nothing in this Protective Order shall (a) restrict either parties' rights with respect to its/his/her own documents or information, (b) restrict either parties' rights with regard to discovery materials that have not been designated as Confidential, (c) prejudice either parties' rights to object to the production or disclosure of documents or other information that it considers not subject to discovery, or (d) prejudice either parties' right to seek, either by agreement or by application to the Court, greater protection than that provided herein.

H. Return of Confidential Materials

Unless otherwise agreed by the parties or ordered by the Court, this Protective Order, as well as the agreements and undertakings set forth in any declaration executed pursuant to Paragraph C. 1, shall remain in full force and effect upon the termination of this action. At the conclusion of this action, each counsel shall return all Confidential material to opposing counsel within thirty (30) days of receipt of a written request to do so unless the Parties agree otherwise.

I. Right to Seek Modification

Nothing in this Protective Order shall be deemed to preclude any party from obtaining an order modifying the terms of this Protective Order or establishing additional protection with respect to the confidentiality of any discovery material. The failure to obtain an agreement from all other counsel or a court order designating any document as "Confidential" shall not and does not constitute a waiver of any right to later designate at any time such document as "Confidential," or of any privilege which may or should apply to such document.

J.  Binding Effect

The provisions of this Protective Order shall continue to be binding after the conclusion of the Action, including any appeals, and this Court shall retain jurisdiction after such conclusion to enforce or to modify these provisions.

K.  Additional Parties to Lawsuit

In the event that other parties may be added to this Action, no Confidential material previously exchanged, produced or used herein shall be disclosed to such additional parties or their counsel except upon their agreeing to be bound by the provisions of this Protective Order.

L.  Post-Trial Publicity of Confidential material

The admission of Confidential material into evidence at trial, its publication to the jury, or any other method by which Confidential material is placed in the public domain during the course of this litigation shall not destroy the designation of said Confidential material as such. If either party wishes to use Confidential material at trial, the other party shall have the right to raise an objection in the pre-trial order and request an appropriate remedy, including, but not limited to, a closed courtroom, a limit on the number or distribution of copies of such Confidential material, or a sealing of the record.

IT IS SO ORDERED

Date:  April 24, 2006

S/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE WATANABE