IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01319-WDM-MJW

SANDRA MOSHER,

      Plaintiff,

v.

HOME DEPOT USA, INC., a Delaware corporation,

      Defendant.

---

## ORDER REGARDING
### (1) PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES UNDER RULE 37, F.R.C.P. [sic] (DOCKET NO. 33);
### (2) PLAINTIFF'S MOTION TO CONTINUE DISCOVERY CUTOFF (DOCKET NO. 34); AND
### (3) DEFENDANT'S MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE (DOCKET NO. 37)

---

**Entered by Magistrate Judge Michael J. Watanabe**


      This matter is before the court on:  (1) Plaintiff's Motion to Compel Discovery

Responses Under Rule 37, F.R.C.P. [sic] (docket no. 33); (2) Plaintiff's Motion to

Continue Discovery Cutoff (docket no. 34); and (3) Defendant's Motion for Extension of

Dispositive Motion Deadline (docket no. 37).  The court has reviewed these motions

and responses.  The court has taken judicial notice of the court's file and has

considered applicable Federal Rules of Civil Procedure and case law.  The court now

being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

2

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of

discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter,

not privileged, that is relevant to the claim or defense of a party' . . . may be

constrained where the court determines that the desired discovery is unreasonable or

unduly burdensome given the needs of the case, the importance of the issues at stake

in the litigation, and the importance of the proposed discovery in resolving the issues."

Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal

Rules of Civil Procedure permit a court to restrict or preclude discovery when justice

requires in order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense. . . ." Id.

As to Plaintiff's Motion to Compel Discovery Responses Under Rule 37 F.R.C.P.

[sic] (docket no. 33), this court finds:

1.   That as to Plaintiff's Request for Production ("RFP") No. 1, such RFP is

vague as to a time frame and over-broad in scope and, therefore, no

further response is required by Defendant.

2.   That as to RFP No. 4, Defendant's objections on the basis of vague,

ambiguous, and overly-broad are overruled.  Defendant shall provide a

3

more complete response to RFP No. 4.  Such further response shall be from the date that Plaintiff was employed by Defendant until the date that she was terminated by Defendant.

3.      That as to RFP No. 5, Defendant's objections on the basis of vague, ambiguous, and overly-broad are overruled.  Defendant shall provide a more complete response to RFP No. 5.  Such further response shall be from the date that Plaintiff was employed by Defendant until the date that she was terminated by Defendant.

4.      That as to RFP No. 6, Defendant's objections on the basis of vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of relevant information are overruled.  Defendant shall provide a more complete response to RFP No. 6.  Such further response shall be from the date that Plaintiff was employed by Defendant until the date that she was terminated by Defendant.

5.      That as to RFP No. 7, Defendant's objections on the basis of vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of relevant information are overruled.  However, Defendant has fully responded to this RFP and, therefore, no further response is required by Defendant.  See Defendant's Supplemental Response.

6.      That as to RFP Nos. 8 and 9, Defendant's objections on the basis of overly-broad and unduly burdensome are sustained.  No further response

4

is required by Defendant.

7.     That as to RFP No. 11, Defendant's objections on the basis of ambiguous and seeks irrelevant information not reasonably calculated to lead to the discovery of relevant information are overruled.  However, Defendant has provided Plaintiff with a response and supplemental response.  See Defendant's Response and Supplemental Response to this RFP. Defendant shall further supplement this RFP if there are further documents that have yet to be disclosed.

8.     That as to Request for Admission ("RFA") No. 8, the Defendant has provided a complete response to this RFA and, therefore, no further response is required by Defendant.

As to Plaintiff's Motion to Continue Discovery Cutoff (docket no. 34) and Defendant's Motion for Extension of Dispositive Motion Deadline (docket no. 37), this court finds good cause to grant both motions as stated below.

## ORDER

Based upon these findings, this court **ORDERS**:

1.     That Plaintiff's Motion to Compel Discovery Responses Under Rule 37, F.R.C.P. [sic] (docket no. 33) is **GRANTED IN PART AND DENIED IN PART**.  This motion is **GRANTED** as to Plaintiff's RFP Nos. 4, 5, and 6.  Defendant shall provide a complete response to Plaintiff by October 13, 2006.  The motion is also **GRANTED** as to Plaintiff's RFP No. 11.  By October 13, 2006, Defendant shall

5

further supplement RFP No. 11, if there are further documents that have yet to be disclosed.  The remainder of the motion is **DENIED**.

2.      That Plaintiff's Motion to Continue Discovery Cutoff (docket no. 34) is **GRANTED** as follows.  The discovery cutoff date is extended to November 15, 2006.  There will be no further extensions to complete discovery.

3.      That Defendant's Motion for Extension of Dispositive Motion Deadline (docket no. 37) is **GRANTED**.  The deadline to file dispositive motions is extended to December 1, 2006.

4.      That the Final Pretrial Conference set for November 30, 2006, at 9:00 a.m. is **VACATED and RESET** to April 30, 2007, at 9:00 a.m. The parties shall submit their proposed Final Pretrial Order five (5) days prior to the Final Pretrial Conference consistent with the e-filing requirements of this court.

5.      That each party shall pay their own attorney fees and costs for these motions.

Done this 28th day of September 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge